United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF GREAT | § | |
| LAKES DREDGE & DOCK | § | |
| COMPANY, L.L.C., AS OWNERS | § | |
| AND/OR OPERATORS OF | § | Case No. 4:23-cv-4200 |
| DERRICK BARGE 69 | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER ON CLAIMANT DE LA FUENTE'S MOTION TO LIFT STAY

This is a limitation of liability proceeding under maritime law.[1] Claimant Jose De La Fuente ("De La Fuente" or "Claimant") has moved to dissolve the limitation injunction on his personal injury case in state court. ECF No. 14. Petitioner Great Lakes Dredge & Dock Company, LLC ("Petitioner") opposes lifting the stay and asks the Court to grant its previous summary judgment motions.[2] ECF No. 16 (referring to ECF Nos. 11-12). Having thoroughly reviewed the briefing and the applicable law, the Court concludes that De La Fuente, as the sole claimant, has

---

[1] The district judge to whom this case is assigned referred the case to this Court pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 19. Motions to lift injunctions are non-dispositive and appropriate for resolution through issuance of an order. *See In re River Constr. Inc.*, No. 4:22-CV-2413, 2022 WL 18931873, at *1 n.1 (S.D. Tex. Dec. 14, 2022), *adopted in part, rejected in part*, 2023 WL 3035367 (S.D. Tex. Mar. 17, 2023) (motion to lift injunction).

[2] Petitioner also requested an expedited ruling on its exoneration arguments in its motions for summary judgment. ECF No. 20. However, these exoneration arguments are not exclusive to federal court. *Matter of Antill Pipeline Const. Co., Inc.*, No. Civ. Action 97-578, 1997 WL 399603, at *4 (E.D. La. July 16, 1997) (holding that a claimant may stipulate to limitation alone and proceed with exoneration issues in state court). Further, and contrary to Petitioner's argument, resolution of the summary judgment motions first in federal court does not result in judicial efficiency. The Court would first need to issue a Report and Recommendation. If the District Judge does not adopt the Report and Recommendation, then another ruling on the motions would be required.

entered a stipulation sufficient to protect Petitioner's rights and allow his case to proceed in state court. De La Fuente's motion to dissolve the limitation injunction, ECF No. 14, is granted, and Petitioner's motions for summary judgment, ECF Nos. 11-12, are denied as moot.

## I.    BACKGROUND

Petitioner alleges that they own and operate *DERRICK BARGE 69*, a derrick spud barge vessel valued at $700,000. ECF No. 1-2 at 1. Petitioner previously employed De La Fuente to work aboard the vessel. *Id.* ¶ 5. On April 11, 2023, De La Fuente was allegedly injured aboard the vessel while performing his duties. ECF No. 1-1 at 2. De La Fuente filed suit against Petitioner in state court for negligence, unseaworthiness, maintenance and cure, and respondeat superior, seeking $2.5 million in damages. *Id.* at 3-5. Petitioner subsequently filed this limitation proceeding and moved to provide a stipulation for value, establish a limitation bond, and enjoin all related litigation. *See* ECF No. 1. Petitioner stipulated that the value of the vessel and freight is $700,000. ECF Nos. 1 ¶ 17; 1-3 at 2. On January 8, 2024, the Court approved Petitioner's stipulation for value and limitation bond and enjoined De La Fuente's state court lawsuit. *See* ECF No. 4.

De La Fuente timely filed his claim and answer in response to Petitioners' limitation complaint, asserting various defenses and contesting the stipulated value of the vessel. ECF No. 7. De La Fuente now moves to dissolve the limitation

injunction on his state court case. ECF No. 14. Attached to the motion are stipulations stating that he will not seek to enforce any judgment greater than $700,000 against Petitioner. ECF No. 14 at 4-5. Petitioner opposes that motion and seeks to resolve all limitation issues by its summary judgment motions. ECF No. 16 (referring to ECF Nos. 11-12).

## II.    THE LIMITATION OF LIABILITY ACT AND THE SAVING TO SUITORS CLAUSE.

The Limitation of Liability Act ("Act") allows shipowners to "bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446-47 (2001) (summarizing history and purpose of the Act). The Act limits the liability for vessel-related claims to "the value of the vessel and pending freight" under certain circumstances. 46 U.S.C. § 30523. When a shipowner files a limitation proceeding action under the Act, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *accord* FED. R. CIV. P. SUPP. R. F(3). "Accordingly, after a limitation action is filed, the limitation court stays all related claims against the shipowner pending in any forum and requires all claimants to timely assert their claims in the limitation court." *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 970 (5th Cir. 2022) (cleaned up).

Federal courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which

they are otherwise entitled." 28 U.S.C. § 1333(1) (emphasis added). Courts have interpreted this "saving to suitors" clause as providing "concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis*, 531 U.S. at 445. The Supreme Court has thus recognized that "[s]ome tension exists between the saving to suitors clause and the Limitations Act" where a claimant and a shipowner attempt to proceed in different fora. *Id.* at 448. In resolving that tension, the Fifth Circuit has held that "the district court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *In re N&W*, 31 F.4th at 971 (quoting *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996)).

The Fifth Circuit recognizes "two instances in which a district court must allow a state court action to proceed" and dissolve a limitation injunction:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* (emphasis in original) (quoting *Odeco*, 74 F.3d at 674). If all claimants submit stipulations to adequately protect a shipowner's rights under the Act, then the district court must lift the stay against proceedings in other forums. *Id.* at 972 (citing *In re Tetra Applied Techs. L P*, 362 F.3d 338, 343 (5th Cir. 2004)); *see also In re Two*

*"R" Drilling Co., Inc.*, 943 F.2d 576, 578 (5th Cir. 1991).

## III.    DE LA FUENTE IS THE SOLE CLAIMANT AND HIS PROFFERED STIPULATIONS ADEQUATELY PROTECT PETITIONER'S RIGHTS UNDER THE ACT.

De La Fuente submits a copy of his stipulations regarding limitation of liability and asks the Court to lift the injunction on his state court case. *See* ECF Nos. 14, 14-1. De La Fuente argues that he is the sole claimant in this action. ECF No. 14 at 1. The record reflects that no other claimants have filed claims in this proceeding, *see* ECF No. 14, and Petitioner does not dispute this issue, *see* ECF No. 16. Thus, the primary question before the Court is whether De La Fuente's proffered stipulations are adequate.

The leading treatise on admiralty law offers the following guidance on the required contents for stipulations to dissolve an injunction under the Act:

> In order to ensure that the shipowner's rights are not prejudiced, the claimant commonly must file protective stipulations with the district court before the injunction will be dissolved: (1) that any determination by the state court bearing on limitation of liability will not be granted *res judicata* effect; (2) that claimant will not seek to enforce liability greater than the limitation fund until the limitation action is determined by the federal court; and (3) that the district court has exclusive jurisdiction to determine all issues concerning the right of the shipowner to limit liability.

2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 15:7 (6th ed. 2023); *see also Odeco*, 74 F.3d at 673-74 & n.4 (listing same requirements); *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1576 & n.1 (5th

Cir. 1992) (approving similar stipulations even where claimants "specifically reserve

their right to challenge in this court the value of the limitation fund"). The stipulation

attached to De La Fuente's motion contains the following language:

1. Claimant stipulates that Petitioner, Great Lakes Dredge & Dock
   Company, L.L.C., is entitled to and has the right to litigate all issues
   relating to limitation of liability under the provisions of 46 U.S.C.
   §§30501-30512 in this Court pursuant to this Court's exclusive
   jurisdiction to determine all issues related to its right to limit.
2. Claimant reserves the right to deny and contest in this Court (and
   appellate courts with jurisdiction to review this Court's orders) all
   assertions and allegations made by Petitioner in the Complaint Seeking
   Exoneration from or Limitation of Liability filed herein.
3. Claimant…consents to waive any claim of res judicata relevant to the
   issue of limitation of liability based upon any judgments that may be
   rendered in Claimant's pending state court action or any other action.
6. Claimant furthers agree that, in the event that the judgments and
   recoveries of all Claimants against Petitioner cumulatively exceed the
   amount established as the proper limitation fund, Claimant will not seek
   to execute on the portion, if any, of a judgment against Petitioner that
   exceeds Claimant's pro rata portion of the proper limitation fund, as
   determined by the ratio of Claimant's judgment to the total amount of
   all judgments or settlements of all Claimants.
7. Claimant specifically reserves the right to challenge in this Court the
   value of the limitation fund, the value of Petitioner's interest in the
   Derrick Barge 69, the ancillary vessel comprising the flotilla, along
   with its engines, tackle, apparel, etc. which Petitioner has averred to be
   $700,000.00 for the vessel.

ECF No. 14 at 3-5. The Court finds De La Fuente's stipulations to be substantially

identical to those approved in other limitation actions. *See, e.g.*, *Magnolia Marine*,

964 F.2d at 1576 n.1.

   Because De La Fuente has entered stipulations adequate to protect Petitioner's

rights under the Act, the Court must lift the limitation injunction and allow De La Fuente's state court case to proceed. *See In re N&W*, 31 F.4th at 972; *In re Tetra*, 362 F.3d at 343.

## IV.  CONCLUSION

Accordingly, De La Fuente's motion to dissolve the injunction, ECF No. 14, is **GRANTED** and the limitation injunction entered on January 8, 2024, is hereby **DISSOLVED**. Petitioner's motions for summary judgment, ECF Nos. 11-12, are **DENIED** as moot.

**IT IS SO ORDERED.**

Signed on February 3, 2025, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**